# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RAMADA WORLDWIDE INC., formerly
known as RAMADA FRANCHISE
SYSTEMS, INC., a Delaware Corporation,

      Plaintiff,

v.

SOUTHPORT, LLC, a Missouri Limited
Liability Company; GARY ALLEN, an
individual; and IRA DOCKINS, an
individual,

      Defendants.

:
:
:
:
:
:
:
:
:

Civil Action No. 11-cv-03676 (DMC)(JAD)

---

**BRIEF IN SUPPORT OF PLAINTIFF RAMADA WORLDWIDE INC.'S MOTION FOR SUMMARY JUDGMENT OF THE SECOND, FOURTH, SIXTH, AND SEVENTH COUNTS OF ITS COMPLAINT AND TO DISMISS DEFENDANTS SOUTHPORT, LLC, GARY ALLEN, AND IRA DOCKINS' COUNTERCLAIM WITH PREJUDICE**

---

CLYDE & CO US LLP
200 Campus Drive, Suite 300
Florham Park, N.J. 07932-0950
(973) 210-6700
Attorneys for Plaintiff,
Ramada Worldwide Inc.,
f/k/a Ramada Franchise Systems, Inc.

*Of Counsel:*
    Bryan P. Couch, Esq.

*On the Brief:*
    Bryan P. Couch, Esq.
    Kelly A. Krug, Esq.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................. 1

LEGAL ARGUMENT ........................................................................... 4

POINT I ........................................................................................ 4

    RWI IS ENTITLED TO SUMMARY JUDGMENT ON THE SECOND, FOURTH, SIXTH, AND SEVENTH COUNTS OF ITS COMPLAINT. ......................... 4

    A.    RWI Is Entitled To Summary Judgment On Liability As To The Second, Fourth, And Seventh Counts Of Its Complaint Because There Is No Genuine Issue of Material Fact Regarding Southport's Breach Of The License Agreement And Note. ....................................... 5

    B.    RWI Is Entitled To Summary Judgment As To Liability On the Sixth Count of its Complaint Because There Is No Genuine Issue of Material Fact Regarding Allen And Dockins' Breach Of The Guaranty. ..................................................................... 7

        1.    Allen and Dockins each executed the Guaranty. ..................... 8

        2.    The terms of the Guaranty are unambiguous. ......................... 8

        3.    RWI relied upon the Guaranty. ......................................... 9

        4.    Southport defaulted under the terms of the License Agreement. ............................................................... 9

        5.    RWI made written demands for payment to the Defendants. ..................... 9

        6.    Allen and Dockins have failed to pay the amounts owed despite receiving the aforementioned written demands. ........................... 9

    C.    RWI Is Entitled To Summary Judgment On Damages. ....................... 10

        1.    The Recurring Fees Claim. .......................................... 10

        2.    The Liquidated Damages Claim. ..................................... 11

        3.    The Note Claim. ................................................... 14

        4.    The Prejudgment Interest Claim. ..................................... 14

        5.    The Attorneys' Fees and Costs Claim. ................................ 15

POINT II ...................................................................................... 17

## TABLE OF CONTENTS (Continued)

Page

    RWI IS ENTITLED TO SUMMARY JUDGMENT DISMISSING DEFENDANTS' COUNTERCLAIM.............................................................................. 17

CONCLUSION..................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page**

**Cases**

Aerospace & Agric. Implement Workers v. Mack Trucks, Inc., 917 F.2d
    107, 111 (3d Cir. 1990), cert. denied, 499 U.S. 921 (1991). ...................................... 5

American Cyanamid v. Fermenta Animal Health Co., 54 F.3d 177, 181
    (3d Cir. 1995)........................................................................................................ 5

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)........................................... 4

Aronsohn v. Mandara, 98 N.J. 92 (1984) .................................................................... 18

Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ..................................................... 17

Central Steel Drum Co. v. Gold Cooperage, Inc., 200 N.J. Super. 251, 265,
    certif. denied, 101 N.J. 303 (1985), overruled on other grounds, Kutzin
    v. Pirnie, 124 N.J. 500 (1991) ............................................................................. 11

Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206, 212 (App. Div.),
    aff'd, 44 N.J. 450 (1965)..................................................................................... 15

D.H.M. Indus., Inc. v. Central Port Warehouses, Inc., 127 N.J. Super. 499
    (App. Div. 1973), aff'd, 64 N.J. 548 (1974) ......................................................... 11

Days Inns of America, Inc. v. VNR, Inc., Civil Action No. 98-2507 (AJL)
    (D.N.J. March 23, 1999) ..................................................................................... 12

Fleming Co. v. Thriftway Medford Lakes, Inc., 913 F. Supp. 837, 847
    (D.N.J. 1995) ............................................................................................... 10, 14

Frank Stamato & Co. v. Borough of Lodi, 4 N.J. 14, 21, 71 A.2d 336, 339
    (1950)................................................................................................................... 6

Hosiery Corp. v. International Data Processing, Inc., 1991 WL 30015, at *
    15 (D.N.J. Feb. 28, 1991) ................................................................................... 12

Howard Johnson Int'l, Inc. v. Holeyfield, Civil Action No. 03-418 (JAP)
    (D.N.J. July 6, 2004)........................................................................................... 11

Howard Johnson Int'l, Inc. v. I-20 Limited, II, Civil Action No. 97-1613
    (HAA) (D.N.J. Aug. 27, 1998) ............................................................................ 12

Howard Johnson Int'l, Inc. v. R.S. Hospitality, Inc., Civil Action No. 96-
    3799 (NHP) (D.N.J. Dec. 2, 1998) ...................................................................... 12

**TABLE OF AUTHORITIES** (Continued)

<u>Page</u>

<u>Howard Johnson International, Inc. v. HBS Family, Inc.</u>, No. 96 Civ. 7687
(SS), 1998 WL 411334 (S.D.N.Y. July 21, 1998) ................................ 12

<u>In re Nickels Midway Pier, LLC</u>, 373 B.R. 218, 223 (D.N.J. 2007) ............................ 6

<u>J.I. Hass Co., Inc. v. Gilbane Bldg. Co.</u>, 881 F.2d 89 (3d Cir.1989), cert.
denied , 493 U.S. 1080 (1990) ................................................ 5

<u>Knights Franchise Sys., Inc. v. Alexandria Props., LLC</u>, Civil Action No.
97-4912 (JCL) (D.N.J. Mar. 15, 2000) ........................................ 12

<u>Knights Franchise Systems, Inc. v. Cusack Development, Inc.</u>, 96 Civ.
8085 (MGC), 1999 WL 165702 (S.D.N.Y. March 24, 1999) ........................ 12

<u>Knights Franchise Systems, Inc. v. Motor Inn Investment Corp.</u>, 755 F.
Supp. 1570, 1577 (S.D. Ga. 1991) ........................................... 12

<u>Knights Franchise Systems, Inc. v. P.C.P.S. Corp., et al.</u>,  Civil Action No.
06-5243 (GEB) (D.N.J., Oct. 21, 2009) ...................................... 11

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586
(1986) ..................................................................... 4, 6, 10

<u>McDonald's Corp. v. Robert A. Makin, Inc.</u>, 653 F. Supp.401, 404
(W.D.N.Y. 1986) ............................................................ 7

<u>Mid-Jersey Bank v. Fidelity-Mortgage Investors</u>, 518 F.2d 640, 645 (3d
Cir. 1975) ................................................................. 14

<u>Naporano Assocs., L.P. v. B & P Builders</u>, 309 N.J. Super. 166, 176 (App. Div.
1998) ...................................................................... 12

<u>Papalexiou v. Tower West Condominium</u>, 167 N.J. Super. 516, 530 (Ch. Div.
1979) ...................................................................... 15

<u>Ram Const. Co. v. American States Ins. Co.</u>, 749 F.2d 1049, 1051 (3d Cir.
1984) ...................................................................... 5

<u>Ramada Franchise Systems, Inc. v. Polmere Lodging Corp.</u>, Civil Action
No. 98-2809 (WGB) (D.N.J. July 30, 1999) .................................. 12

<u>S&R Corp. v. Jiffy Lube Int'l, Inc.</u>, 968 F.2d 371, 376 (3d Cir. 1992) ........................ 7

<u>Specialities Development Corp. v. C-O-Two Fire Equipment Co.</u>, 109 F. Supp.
732 (D.N.J. 1953) .......................................................... 7

**TABLE OF AUTHORITIES** (Continued)

**Page**

Travelodge Hotels, Inc. v. Colfax Ave. Irrevocable Trust, Civil Action No.
01-3586, and judgment order (WJM) (D.N.J. July 14, 2004).....................................................11

Travelodge Hotels, Inc. v. Elkins Motel Associates, Inc., et al., Civil
Action No. 03-799 (WHW) (D.N.J. Oct. 17, 2005) ...................................................................11

Travelodge Hotels, Inc. v. MCW Enterprises, Inc., Civil Action No. 97-
5211 (AJL) (D.N.J. May 26, 1998)............................................................................................12

U.S. on Behalf of Small Business Admin. v. DelGuercio, 818 F.Supp. 725,
727-28 (D.N.J. 1993)(citing 38 C.J.S. Guaranty §§ 8-14 and 38
Am.Jur.2d § 119) ........................................................................................................................8

Utica Mut. Ins. Co. v. DiDonato, 187 N.J. Super. 30, 43 (App. Div. 1982)................................14

Wasserman's, Inc. v. Middletown, 137 N.J. 238, 249 (1994) ......................................................11

**Rules**

Fed. R. Civ. P. 56........................................................................................................................4

## PRELIMINARY STATEMENT

Plaintiff Ramada Worldwide Inc., formerly known as Ramada Franchise Systems, Inc. ("RWI") submits this brief in support of its Motion for Summary Judgment of the Second, Fourth, Sixth, and Seventh Counts of its Complaint against defendants Southport, LLC ("Southport"), Gary Allen ("Allen"), and Ira Dockins ("Dockins") (collectively, "Defendants") and to dismiss Defendants' Counterclaim against RWI, with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This case arises out of a license agreement dated May 8, 2003 (the "License Agreement") which permitted Southport to operate a Ramada® guest-lodging facility located in Arnold, Missouri. Pursuant to the License Agreement, Southport was required to make certain periodic payments to RWI for royalties, service assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"). Allen and Dockins executed a personal guaranty of Southport's obligations under the License Agreement. Additionally, in connection with entering into the License Agreement, on June 16, 2003, Southport made, and Allen and Dockins co-made, a Development Incentive Note for $105,000.00. Pursuant to the terms of the Note, if a termination of the License Agreement should occur, "the outstanding, unamortized principal balance of this Note shall be immediately due and payable [to RWI] without further notice, demand or presentment."

Beginning in 2010, Southport repeatedly failed to meet its financial obligations under the License Agreement. RWI sent Defendants a number of notices in which it advised Defendants that Southport was in breach of the License Agreement due to its failure to timely pay outstanding Recurring Fees, and that if the default was not cured, the License Agreement might be subject to termination. Even upon receipt of such notices, Defendants continued to fail to pay

the outstanding Recurring Fees to RWI. Thus, by letter dated September 27, 2010, RWI terminated the License Agreement effective December 26, 2010 and advised Southport that it was required to pay to RWI all outstanding Recurring Fees through the date of termination, liquidated damages for premature termination, and the outstanding, unamortized principal balance of the Note. However, Defendants have never paid such amounts, and admit to never paying such amounts, thereby breaching the terms of License Agreement, Guaranty, and Note.

As Defendants' defaults under the License Agreement are not in dispute, and are not susceptible to dispute, there can be no question of fact concerning Defendants' material breaches of their clear and unambiguous contractual obligations. Accordingly, there can be no question of fact concerning RWI's right to terminate the License Agreement and to recover outstanding Recurring Fees, liquidated damages, and the unamortized principal balance of the Note.

Nor can RWI's right to summary judgment of its Complaint be defeated by Defendants' allegations which form the basis for their affirmative defenses and Counterclaim. Indeed, Defendants failed to produce a single document or witness to support their affirmative defense theories or Counterclaim. Additionally, even if proven true, these allegations are immaterial because they do not provide a legal excuse for Defendants' failure to make the required payments to RWI.

Thus, Defendants' defenses are separate and discrete from RWI's affirmative claims, and do not in any way preclude RWI from obtaining summary judgment on its affirmative claims. Moreover, Defendants' allegations concerning RWI's supposed wrongdoing are both factually unsubstantiated and devoid of legal merit. As such, Defendants' allegations, in addition to failing to provide any defense to RWI's affirmative claims, fail to present a sustainable

counterclaim. Thus, RWI is entitled to an Order dismissing Defendants' Counterclaim, in addition to granting it summary judgment of its Complaint.

**The Present Action**

On June 24, 2011, RWI filed a Complaint in the United States District Court of the District of New Jersey against Defendants. (DKT #1). RWI asserted claims against Defendants for breach of the License Agreement, Guaranty, and Note, including claims for outstanding Recurring Fees, liquidated damages, the unamortized, principal balance of the Note, interest, attorneys' fees, and costs. Id. On September 6, 2011, default was entered against Defendants for failure to file an Answer or otherwise appear. On September 23, 2011, the Court granted the parties' Consent Order vacating the default and allowing Defendants to file a late Answer. (DKT #8). On October 25, 2011, Defendants filed an Answer and Counterclaim. (DKT #9). Defendants asserted a claim against RWI for breach of the License Agreement. Id. On November 8, 2011, RWI filed an Answer to Defendants' Counterclaim. (DKT #10). On October 16, 2012, the parties participated in a telephone status conference with Magistrate Judge Joseph A. Dickson at which time RWI was granted permission to file a dispositive motion with the Court by November 9, 2012.

RWI has filed the present Motion for Summary Judgment on liability and damages with respect to the Second, Fourth, Sixth and Seventh Counts of its Complaint and to dismiss Defendants' Counterclaim, with prejudice.

**LEGAL ARGUMENT**

**POINT I**

**RWI IS ENTITLED TO SUMMARY JUDGMENT ON THE SECOND, FOURTH, SIXTH, AND SEVENTH COUNTS OF ITS COMPLAINT.**

By their own admission, Defendants breached their obligations under the License Agreement, Guaranty, and Note by failing to remit the outstanding Recurring Fees, liquidated damages, and outstanding, unamortized principal balance of the Note due to RWI. Because the affirmative defenses and Counterclaim raised by Defendants are either devoid of evidentiary support or legally immaterial to Defendants' conceded breach of their contractual obligations, RWI is entitled to summary judgment on its affirmative claims.

In order to prevail on a motion for summary judgment under Fed. R. Civ. P. 56, a party must establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (existence of factual dispute will not defeat summary judgment; rather, the dispute must be genuine and the fact must be material). A question of fact is only genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Defendants, in opposing summary judgment, cannot create a question of fact by presenting a mere scintilla of evidence, or evidence that is merely colorable, but must instead present evidence sufficient to permit a fact-finder to permissibly decide the issue in the Defendants' favor at trial. See Liberty Lobby, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant").

**A.    RWI Is Entitled To Summary Judgment On Liability As To The Second, Fourth, And Seventh Counts Of Its Complaint Because There Is No Genuine Issue of Material Fact Regarding Southport's Breach Of The License Agreement And Note.**

Under New Jersey law,[1] if the terms of a contract are unambiguous, the court may construe the meaning or requirements of a contract as a matter of law for purposes of summary judgment. J.I. Hass Co., Inc. v. Gilbane Bldg. Co., 881 F.2d 89 (3d Cir.1989), cert. denied, 493 U.S. 1080 (1990).   Where the terms of a contract are ambiguous, the interpretation of the parties' intent is a question of fact. Ram Const. Co. v. American States Ins. Co., 749 F.2d 1049, 1051 (3d Cir. 1984).  The initial determination of whether a contract is clear or ambiguous is a preliminary question of law for the Court.  Aerospace & Agric. Implement Workers v. Mack Trucks, Inc., 917 F.2d 107, 111 (3d Cir. 1990), cert. denied, 499 U.S. 921 (1991).

In the present case, Southport violated the terms of the License Agreement that required Southport to submit Recurring Fees to RWI.  Similarly, Southport violated the terms of the Note that required Southport pay any outstanding, unamortized balance of the Note upon termination of the License Agreement.  The obligations incurred by Southport pursuant to these terms are unequivocal and precise, and are not subject to any plausible dispute.   Given that these contractual provisions are not reasonably susceptible to differing interpretations, there is no ambiguity to be resolved that would preclude summary judgment. See American Cyanamid v. Fermenta Animal Health Co., 54 F.3d 177, 181 (3d Cir. 1995).

As to whether Southport failed to comply with the contractual terms set forth in the License Agreement and Note, there is likewise no question of fact to preclude summary

---

[1]    In this diversity of citizenship action, it is assumed for purposes of the present motion that New Jersey law governs the claims asserted by RWI in the Complaint by virtue of, among other things, the choice of law provision in section 17.6.1 of the License Agreement.

judgment because Defendants **admit** their breach.   Specifically, Defendants admitted to not paying franchise fees that are owed under the License Agreement.  (Couch Cert., ¶ 5, <u>Exhibit C</u> at ¶ 17).   Indeed, beginning in 2010, Southport failed to make timely payments to RWI for outstanding Recurring Fees in accordance with the terms of the License Agreement.  (Workman Aff., at ¶ 38).   Additionally, following termination, Defendants admit to not paying outstanding fees, the unamortized principal balance of the Note, and liquidated damages in accordance with the terms of the License Agreement and Note.  (Couch Cert., ¶ 5, <u>Exhibit C</u> at ¶¶ 15-17).   These admissions by Defendants are stark and irrefutable.   Under the circumstances, RWI has more than satisfied its burden of demonstrating that there is no genuine issue of material fact for trial with respect to its affirmative claims.   <u>Matsushita</u>, 475 U.S. at 586.

In view of Defendants' admitted breaches, RWI anticipates that the Defendants will rely on their affirmative defenses in an attempt to defeat summary judgment.   These defenses, distilled to their essence, assert that RWI itself breached the License Agreement, or otherwise engaged in wrongful conduct.   The merits of these defenses, as they are largely identical to Defendants' Counterclaim, are addressed at length, *infra*, in Point II.   However, for present purposes, even if the defenses asserted by Defendants were true, they do not excuse or provide a legal defense to Southport's admitted breaches of the License Agreement and Note.   If Defendants were of the belief that RWI committed a material breach of the License Agreement, as is alleged, they could have elected to either terminate the License Agreement, or continue to perform under the License Agreement.   <u>In re Nickels Midway Pier, LLC</u>, 373 B.R. 218, 223 (D.N.J. 2007) (citing <u>Frank Stamato & Co. v. Borough of Lodi</u>, 4 N.J. 14, 21, 71 A.2d 336, 339 (1950) (quoting Williston on Contracts)("In a case of 'a material breach of contract which does not, however, indicate any intention to renounce or repudiate the remainder of the contract * * *

the injured party has a genuine election offered him of continuing performance or of ceasing to perform, and any action indicating an intention to perform will operate as a conclusive choice, not indeed depriving him of a right of action for the breach which has already taken place, *but depriving him of any excuse for ceasing performance on his own part.'"*)(emphasis added); also see S&R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 376 (3d Cir. 1992) ("Under no circumstances may the non-breaching party stop performance **and** continue to take advantage of the contract's benefits").   Further, it has long been held in New Jersey that the failure of a defendant to terminate the contract in the face of a material breach of the license agreement constitutes a waiver of the breach and an election to continue performance thereunder. Specialities Development Corp. v. C-O-Two Fire Equipment Co., 109 F. Supp. 732 (D.N.J. 1953).

Thus, in the present case, even if Defendants could factually support their alleged defenses, these would be entirely distinct from, and immaterial to, the question of whether RWI is entitled to summary judgment on its affirmative claims.   "It is clear that defendants' allegations . . . are separate, unrelated claims which, even if proven, would not bar summary judgment on this cause of action."   McDonald's Corp. v. Robert A. Makin, Inc., 653 F. Supp.401, 404 (W.D.N.Y. 1986).  In sum, the affirmative defenses raised by Defendants do not rise to the level of a legally material issue sufficient to defeat RWI's entitlement to judgment on its affirmative claims.  Accordingly, RWI is entitled to summary judgment on liability as to the Second, Fourth, and Seventh Counts of its Complaint.

**B.    RWI Is Entitled To Summary Judgment As To Liability On the Sixth Count of its Complaint Because There Is No Genuine Issue of Material Fact Regarding Allen And Dockins' Breach Of The Guaranty.**

To be entitled to a judgment on a guaranty, a plaintiff must demonstrate:

1) execution of the guarantee by the guarantor (i.e., that it was the defendant who signed the guarantee);

2) the principal obligation and terms of the guarantee;

3) the lender's reliance on the guarantee in extending monies to the borrower;

4) default by the principal obligator;

5) written demand for payment on the guarantee;

6) failure of the guarantor to pay upon written demand;

U.S. on Behalf of Small Business Admin. v. DelGuercio, 818 F.Supp. 725, 727-28 (D.N.J. 1993)(citing 38 C.J.S. Guaranty §§ 8-14 and 38 Am.Jur.2d § 119).  RWI has established each element identified above.

### 1.    Allen and Dockins each executed the Guaranty.

Defendants Allen and Dockins do not dispute that they each executed the Guaranty. (Couch Cert., ¶ 3, Exhibit A at 28:15-25, and ¶ 5, Exhibit C at ¶ 5; Couch Cert., ¶ 5, Exhibit C at ¶ 7).

### 2.    The terms of the Guaranty are unambiguous.

The terms of the Guaranty that were violated by Allen and Dockins, required them to "immediately make each payment and perform or cause [Southport] to perform, each unpaid or unperformed obligation of [Southport] under the [License] Agreement." (Workman Aff., at ¶ 26, Exhibit C).

Allen and Dockins have not alleged an inability to understand these terms, nor can they given their plain meaning.  The obligations incurred by Allen and Dockins pursuant to the terms of the Guaranty are therefore unequivocal and precise, and are not subject to any plausible dispute.  Likewise, the contractual provisions of the License Agreement are not reasonably susceptible to differing interpretations.  Therefore, there is no ambiguity to be resolved that

would preclude summary judgment.  See American Cyanamid v. Fermenta Animal Health Co., 54 F.3d 177, 181 (3d Cir. 1995).

**3.      RWI relied upon the Guaranty.**

By its express terms, the purpose of the Guaranty was to induce RWI to sign the License Agreement with Southport.  (Workman Aff., at ¶ 25, Exhibit C).  Allen and Dockins were therefore aware of RWI's reliance upon the Guaranty at the time they executed it.

**4.      Southport defaulted under the terms of the License Agreement.**

As set forth in Point I.B, *supra*, there is no dispute that Southport defaulted under the terms of the License Agreement by failing to timely pay Recurring Fees owed to RWI.

**5.      RWI made written demands for payment to the Defendants.**

By letters dated February 18, 2010, May 10, 2010, September 23, 2010, and September 27, 2010, RWI notified Allen and Dockins of Southport's defaults under the License Agreement and its intention to terminate the License Agreement if these defaults were not cured.  (Workman Aff., ¶¶ 34-37 and Exhibits E-H).  These demands, coupled with the instant lawsuit, placed Allen and Dockins on notice of their obligations to pay the outstanding Recurring Fees, liquidated damages, and unamortized principal balance of the Note owed by Southport.

**6.      Allen and Dockins have failed to pay the amounts owed despite receiving the aforementioned written demands.**

Despite RWI's written demands for payment and the institution of suit, Allen and Dockins failed to remit payment of the outstanding Recurring Fees, liquidated damages, and unamortized principal balance of the Note owed due to the early termination of the License Agreement.  (Workman Aff., at ¶ 38; Couch Cert., ¶ 5, Exhibit C at ¶¶ 15-17 ).

All elements required to prove a prima facie case of breach of Guaranty have been met. RWI has more than satisfied its burden of demonstrating that there is no genuine issue of material fact for trial with respect to its affirmative claims.   <u>Matsushita</u>, 475 U.S. at 586. Accordingly, RWI is entitled to summary judgment on the Sixth Count of its Complaint.

**C.      RWI Is Entitled To Summary Judgment On Damages.**

RWI seeks outstanding Recurring Fees in the amount of $229,021.89 (inclusive of interest through November 5, 2012), liquidated damages in the amount of $141,000.00, and the unamortized principal balance of the Note in the amount of $56,000.00, which amounts were due to RWI at the time of termination of the License Agreement.   (Workman Aff., at ¶¶ 39-40, <u>Exhibit I</u>; Workman Aff., at ¶ 46, <u>Exhibit A</u>, § 12.1; Workman Aff., at ¶ 47, <u>Exhibit B</u>, § 13(c); and Workman Aff., at ¶ 49).   RWI also seeks an award of prejudgment interest on the above amounts consistent with the terms of the License Agreement, as well as attorneys' fees and costs of suit.   The legal basis for each of RWI's monetary claims is discussed below.

**1.      <u>The Recurring Fees Claim.</u>**

The License Agreement and Guaranty obligated Defendants to pay Recurring Fees to RWI pursuant to the clear and unambiguous terms of section 7 and Schedule C of the License Agreement.   (Workman Aff., at ¶ 14, <u>Exhibit A</u>, § 7 and Schedule C).   Defendants, despite their obligation to do so, have failed to make payment of certain of the Recurring Fees due RWI under the License Agreement.   (Workman Aff., at ¶ 33-40; Couch Cert., ¶ 5, <u>Exhibit C</u> at ¶ 17 ).   <u>See</u> <u>Fleming Co. v. Thriftway Medford Lakes, Inc.</u>, 913 F. Supp. 837, 847 (D.N.J. 1995) (enforcing, by way of summary judgment, unambiguous contract provision).

At the time the License Agreement was terminated, Defendants were in financial default of their obligations to RWI, which had itself performed all of its obligations and conditions

precedent to receiving the Recurring Fees. Based on the foregoing, this Court should grant RWI summary judgment in the amount of $229,021.89, inclusive of interest, in damages pursuant to the Fourth and Sixth Counts of the Complaint.

## 2. The Liquidated Damages Claim.

New Jersey law looks with favor upon provisions in agreements that fix specified amounts of damages in the event of a breach. D.H.M. Indus., Inc. v. Central Port Warehouses, Inc., 127 N.J. Super. 499 (App. Div. 1973), aff'd, 64 N.J. 548 (1974). A liquidated damages clause is valid where such a clause "constitutes a reasonable forecast of the provable injury resulting from the breach," and where harm "is incapable or very difficult of accurate estimate." Wasserman's, Inc. v. Middletown, 137 N.J. 238, 249 (1994). Moreover, New Jersey courts have held that liquidated damages clauses between commercial parties, in contexts similar to this case, are presumptively valid, and the burden is on the party opposing enforcement of the clause to demonstrate otherwise. Central Steel Drum Co. v. Gold Cooperage, Inc., 200 N.J. Super. 251, 265, certif. denied, 101 N.J. 303 (1985), overruled on other grounds, Kutzin v. Pirnie, 124 N.J. 500 (1991).

It should be noted that liquidated damages clauses substantially similar to the clause at issue in this case have been enforced, by way of summary judgment, on numerous occasions in the United States District Court for the District of New Jersey. See, e.g., Knights Franchise Systems, Inc. v. P.C.P.S. Corp., et al., Civil Action No. 06-5243 (GEB) (D.N.J., Oct. 21, 2009); Travelodge Hotels, Inc. v. Elkins Motel Associates, Inc., et al., Civil Action No. 03-799 (WHW) (D.N.J. Oct. 17, 2005); Travelodge Hotels, Inc. v. Colfax Ave. Irrevocable Trust, Civil Action No. 01-3586, and judgment order (WJM) (D.N.J. July 14, 2004); Howard Johnson Int'l, Inc. v. Holeyfield, Civil Action No. 03-418 (JAP) (D.N.J. July 6, 2004); Travelodge Hotels, Inc. v.

Lodging Investors, Civil Action No. 00-2278 (JAP) (D.N.J. Feb. 4, 2002); Knights Franchise

Sys., Inc. v. Alexandria Props., LLC, Civil Action No. 97-4912 (JCL) (D.N.J. Mar. 15, 2000);

Ramada Franchise Systems, Inc. v. Polmere Lodging Corp., Civil Action No. 98-2809 (WGB)

(D.N.J. July 30, 1999); Days Inns of America, Inc. v. VNR, Inc., Civil Action No. 98-2507

(AJL) (D.N.J. March 23, 1999); Howard Johnson Int'l, Inc. v. I-20 Limited, II, Civil Action No.

97-1613 (HAA) (D.N.J. Aug. 27, 1998); Travelodge Hotels, Inc. v. MCW Enterprises, Inc., Civil

Action No. 97-5211 (AJL) (D.N.J. May 26, 1998); Howard Johnson Int'l, Inc. v. R.S.

Hospitality, Inc., Civil Action No. 96-3799 (NHP) (D.N.J. Dec. 2, 1998).   See also Knights

Franchise Systems, Inc. v. Cusack Development, Inc., 96 Civ. 8085 (MGC), 1999 WL 165702

(S.D.N.Y. March 24, 1999); Howard Johnson International, Inc. v. HBS Family, Inc., No. 96

Civ. 7687 (SS), 1998 WL 411334 (S.D.N.Y. July 21, 1998) (upholding liquidated damages

clause in part, but finding it unreasonable in part, under New York law); Knights Franchise

Systems, Inc. v. Motor Inn Investment Corp., 755 F. Supp. 1570, 1577 (S.D. Ga. 1991) (applying

Georgia law and stating "it is evident that the liquidated damages provision is valid and

enforceable").   (True copies of the unpublished opinions cited above are attached to the Couch

Cert. at ¶¶ 5-16, Exhibits D-N).

The determination as to whether a liquidated damages clause is valid and enforceable is,

as with any other type of unambiguous contractual provision, a question of law for the court, not

a question of fact for the jury.   Naporano Assocs., L.P. v. B & P Builders, 309 N.J. Super. 166,

176 (App. Div. 1998); Hosiery Corp. v. International Data Processing, Inc., 1991 WL 30015, at *

15 (D.N.J. Feb. 28, 1991).

The liquidated damages clauses in the present case are contained in section 12.1 of the

License Agreement and section 13(c) of the Satellite Addendum.   Section 12.1 of the License

Agreement set liquidated damages for the Facility to be the product of $2,000.00 multiplied by the number of guest rooms Southport was authorized to operate at the Facility. At the time of termination, Southport was operating 70 guest rooms at the Facility. Thus, $2,000.00 multiplied by 70 guest rooms equals $140,000.00. (Workman Aff., at ¶ 46, Exhibit A, § 12.1). Section 13(c) of the Satellite Addendum specifically set liquidated damages for termination of the Satellite Addendum at $1,000.00. (Workman Aff., at ¶ 47, Exhibit B, § 13(c)). Accordingly, RWI is seeking $141,000.00 in liquidated damages that became due as a result of the premature termination of the License Agreement and the Satellite Addendum. (Workman Aff., at ¶ 48).

This language demonstrates the parties' clear intent to choose among the available remedies rather than to set an arbitrary number having no bearing on the contractual relationship. The facts existing when the contract was made unquestionably illustrate a good faith attempt by the parties to fix adequate compensation for a loss resulting from the premature termination of the License Agreement. It cannot be disputed that actual damages for breach of the License Agreement are impossible or very difficult to estimate. The amount RWI would have earned under the License Agreement, in the absence of Southport's breach, depends upon a percentage of monthly gross room revenues that would have been earned by Southport. Given the nature of the transient lodging business, gross room revenues can drastically fluctuate from month to month depending upon factors such as the national, regional, and local economy, the travel patterns of vacationers, the entry or withdrawal of competitors from the market and the effort, skill and resources of the licensee.

The liquidated damages formula above represents a good faith estimate of the monetary damages that RWI sustains when a licensee causes the premature termination of a license

agreement. (Workman Aff., at ¶ 45). Based on the foregoing, this Court should grant RWI summary judgment in the amount of $141,000.00 as liquidated damages.

**3.**  <u>**The Note Claim.**</u>

RWI seeks the principal sum of the Note, $105,000.00, less amounts forgiven of $49,000.00, for a total of $56,000.00. Pursuant to the clear and unambiguous terms of the Note, Defendants were obligated to pay the outstanding, unamortized principal balance of the Note immediately upon termination of the License Agreement. (Workman Aff., at ¶ 31, <u>Exhibit D</u>). However, Defendants, despite their obligation to do so, have failed to make such payment to RWI. (Workman Aff., at ¶ 38; Couch Cert., ¶ 5, <u>Exhibit C</u> at ¶¶ 16-17). <u>See</u> <u>Fleming Co. v. Thriftway Medford Lakes, Inc.</u>, 913 F. Supp. 837, 847 (D.N.J. 1995) (enforcing, by way of summary judgment, unambiguous contract provision). Thus, based on the foregoing, this Court should grant RWI summary judgment in the amount of $56,000.00, in damages pursuant to the Seventh Count of the Complaint.

**4.**  <u>**The Prejudgment Interest Claim.**</u>

State law governs the availability of prejudgment interest on state law claims. <u>Mid-Jersey Bank v. Fidelity-Mortgage Investors</u>, 518 F.2d 640, 645 (3d Cir. 1975). The License Agreement between Southport and RWI specifically provides in section 7.3 that interest would accrue at the rate of 1.5% per month on all payments that became past due under the License Agreement. (Workman Aff., at ¶ 14, <u>Exhibit A</u>, § 7.3). <u>See</u> <u>Utica Mut. Ins. Co. v. DiDonato</u>, 187 N.J. Super. 30, 43 (App. Div. 1982) (allowance of prejudgment interest in a commercial case may be determined by provision in contract).

As set forth above, RWI is entitled to Recurring Fees in the amount of $229,021.89. This figure includes interest through November 5, 2012, calculated in accordance with section 7.3 of

the License Agreement. RWI is also entitled to interest on liquidated damages, calculated at the legal rate of interest of 1.5% per month in the amount of $47,141.34 from January 25, 2011 (30 days from the date of termination) through December 3, 2012 (the anticipated return date of this Motion), which amounts to 678 days. The $47,141.34 figure is calculated by multiplying $141,000.00 by 18% per year, which equals $25,380.00 in interest per year. That amount is then divided by 365 days to equal $69.53 in interest per day. When the per diem interest of $69.53 is multiplied by 678 days, the interest owed equals $47,141.34. (Workman Aff., at ¶ 48).

Further, RWI is entitled to interest on the unamortized principal balance of the Note calculated at the legal rate of interest of 18% per annum in the amount of $19,527.34 from December 27, 2010 (the date the Note became due and payable after Defendants' termination) through December 3, 2012 (the anticipated return date of this Motion), which amounts to 707 days. The $19,527.34 figure is calculated by multiplying $56,000.00 by 18% which equals to $10,080.00 in interest per year; that amount is then divided by 365 days to equal $27.62 in interest per day. When the per diem interest of $27.62 is multiplied by 707 days, the interest owed equals $19,527.34. (Workman Aff., at ¶ 50).

### 5. The Attorneys' Fees and Costs Claim.

Under New Jersey law, in a breach of contract action, legal expenses can be recovered if the contract between the parties so provides. Papalexiou v. Tower West Condominium, 167 N.J. Super. 516, 530 (Ch. Div. 1979). Allowing recovery of attorneys' fees and costs pursuant to a voluntary agreement is viewed as part of "the actual, reasonable and necessary expense" of the litigant and is not within the ambit of the New Jersey court rule regarding counsel fees. Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206, 212 (App. Div.), aff'd, 44 N.J. 450 (1965). Moreover, with respect to a fees and costs provision, New Jersey "does not have a public policy

which would prevail over the enforcement of an express contract between private parties." Papalexiou, 167 N.J. Super. at 531.

The Defendants agreed in the present case, pursuant to section 17.4 of the License Agreement, as incorporated by the Guaranty, to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement." (Workman Aff., at ¶ 20, Exhibit A, § 17.4). Further, Defendants agreed pursuant to the terms of the Note that "[i]f this Note is collected by or through an attorney at law, [RWI] shall be entitled to collect reasonable attorneys' fees and all costs of collection." (Workman Aff., at ¶ 32, Exhibit D). Accordingly, RWI is entitled to all attorneys' fees and costs incurred in connection with this action, as agreed to pursuant to the express provisions of the License Agreement, Guaranty, and Note. Accordingly, RWI is entitled to all attorneys' fees and costs incurred in connection with this action, as agreed to pursuant to the express provisions of the License Agreement, Guaranty, and Note. As of the date of this Motion, RWI has incurred attorneys' fees in the amount of $5,000.00 and costs in the amount of $3,395.01. (Couch Cert., ¶¶ 18-20, Exhibit O).

## POINT II

## RWI IS ENTITLED TO SUMMARY JUDGMENT DISMISSING DEFENDANTS' COUNTERCLAIM.

As noted in Point I, *supra*, RWI's entitlement to summary judgment on its affirmative claims exists independently of whether Defendants have a meritorious counterclaim. Nonetheless, Defendants' Counterclaim is devoid of factual and legal merit as Defendants' allegations are completely unsupported by the record.

Defendants allege in their Counterclaim that RWI breached section 4.3.1 of the License Agreement by failing to market Ramada® in a manner consistent with the reasonable expectations of Defendants thereby causing Defendants to be unable to generate reasonably expected profits. Defendants have failed to support this claim with any credible evidence from the record. More importantly, Defendants mischaracterize the specific provision that they allege was breached. Specifically, section 4.3.1 of the License Agreement states that the manner in which RWI markets the Ramada® brand is within RWI's sole discretion. (Workman Aff., at ¶ 21, Exhibit A, § 4.3.1) Additionally, it states "[RWI does not] promise that the Facility or [Southport] will benefit directly or proportionately from marketing activities." Id. As such, Defendants' Counterclaim must fail as there is no question that their claim is actually contrary to the express language of the contractual provision they cite in support of their claim.

Moreover, even if section 4.3.1 of the License Agreement was not contrary to Defendants' claim, they have failed to produce even a single document or depose a single witness in support of their claim. Rather, Defendants merely provide general, bald assertions in their Counterclaim. Thus, Defendants' claim for breach of contract must be dismissed as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (moving party's burden may be satisfied by pointing

out the absence of evidence to support the non-movant's claims); <u>see</u> <u>also</u> <u>Aronsohn v. Mandara,</u>
98 N.J. 92 (1984) (party cannot prevail on breach of contract claim where no express provision of
the contract has been violated).

## **CONCLUSION**

For the foregoing reasons, plaintiff Ramada Worldwide Inc. respectfully requests that the Court grant summary judgment on liability and damages with respect to the Second, Fourth, Sixth, and Seventh Counts of its Complaint, and dismiss the counterclaim asserted by defendants Southport, LLC, Gary Allen, and Ira Dockins in its entirety with prejudice.

**CLYDE & CO US LLP**
Attorneys for Plaintiff,
Ramada Worldwide Inc.
f/k/a Ramada Franchise Systems, Inc.


By: _____
       BRYAN P. COUCH

Dated: November 9, 2012